The Honorable Walter M. Day State Representative P.O. Box 274 Blytheville, AR 72315
Dear representative Day:
This is in response to your request for an opinion on two legislative proposals concerning a hospital's responsibility to treat indigent patients. Specifically, you have asked me to review the two proposals and:
 1) Determine their differences in coverage and the impact each would have; and
 2) Determine their differences in coverage from the definition of "emergency medical condition" in the federal "anti-dumping" law.
The first paragraph of Proposal One provides:
 An Arkansas hospital shall not deny immediate treatment for a serious medical condition to any person on the basis of inability to pay, race, color, national origin, creed, or any other basis unrelated to the individual's need for a service or the availability of the needed service in the facility. A "serious medical condition" is herein defined as a significant illness or injury requiring such treatment in order to attempt to protect life or prevent significant disability or disfigurement.
Paragraph one of Proposal Two provides:
 An Arkansas hospital shall not deny admission for medically necessary treatment to any person on the basis of inability to pay, race, color, national origin, creed, or any other basis unrelated to the individual's need for the service or the availability of the needed service in the facility. "Medically necessary treatment" is defined as treatment necessary to treat significant illness, to alleviate severe pain, to protect life, or to prevent significant disability or disfigurement.
The federal act to which you refer is found at 42 U.S.C. § 1395 dd. (Supp. 1988), and requires hospitals to "stabilize" certain medical conditions, to provide for treatment of labor, or to transfer the patient to another medical facility. The federal act requires treatment of an "emergency medical condition" which is defined as:
 . . . a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in — (A) placing the patient's health in serious jeopardy; (B) serious impairment to bodily functions, or (C) serious dysfunction of any bodily organ or part.
In comparing and contrasting the three provisions, cognizance must be taken of two aspects of each one. The first is, of course, the definition of what type of medical problem hospitals are required to attend. The second is the action a hospital must take when faced with a medical condition within the purview of the act. It is my opinion that both the proposed Arkansas acts are broader than the federal act with regard to the action required on the part of the hospital. The federal act only requires "stabilization", treatment of labor, or transfer to another hospital. The proposed Arkansas acts provide that hospitals shall not deny "immediate treatment", or "admission" respectively. They both require more than "stabilization".
It is also my opinion, with regard to what type of medical conditions the three provisions require hospitals to treat, that although Proposal Two is, again, broader than the federal act, application of Proposal One could be narrower than the federal act.
Let us now compare the differences in the two Arkansas proposals. Firstly, Proposal One requires hospitals to treat "significant illness or injury" while Proposal Two only uses the term "significant illness." Proposal Two, is broader, however, in that it requires treatment to alleviate severe pain, although the treatment is not necessary to protect life or prevent significant disability or disfigurement. Proposal Two appears to require treatment in that instance, while Proposal One would not.
Proposal Two is also broader in that it requires treatment of "significant illness" even though it is not life threatening or does not have the potential to create "significant disability or disfigurement." The "significant illness or injury" under Proposal One must require treatment in order to protect life or prevent "significant disability or disfigurement." Interpretation of the word "significant" in this context will likely have to be made on a case-by-case basis, in the absence of a controlling definition under the act.
Let us now compare the two Arkansas proposals with the federal act. As stated previously, both Arkansas proposals are broader than the federal provision in that the latter only requires stabilization or transfer rather than "immediate treatment" or "admission" for treatment. Arkansas Proposal One, however, is more narrow in that, again, it requires that the condition necessitate treatment in order to protect life or prevent significant disability or disfigurement. The federal act requires treatment when the lack thereof would place the patient's health in serious jeopardy, cause serious impairment of bodily functions, or cause serious dysfunction of any body organ or part. It does not require that the patient be facing death, disability, or disfigurement. These consequences are of a more permanent nature than those contemplated in the federal act.
Arkansas Proposal Two's definition is broader than the federal provision's in that it requires treatment of "significant illness", and "severe pain" even though the condition does not place a patient's health in jeopardy, or cause serious impairment of bodily functions or serious dysfunction of any bodily organ or part.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.